ROBERT P. MANSON ET AL. *vs.* PARKER N. MOULTON ET AL.

Sagadahoc.    Opinion, November 5, 1937.

*Charles T. Small, Jr.,*
*William B. Mahoney,* for plaintiffs.
*Edward W. Bridgham,*
*John P. Carey,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.   This case is before us on report. It is a bill in equity seeking the construction of the will of Ada Manson, late of Bath. The will was admitted to probate January 7, 1936, and the defendant, Parker N. Moulton, was appointed and qualified as executor. The defendants in their answer admit all of the material allegations of the bill. The essential parts of the will read as follows:

"After the payment of my just debts, funeral charges and expense of administration, I dispose of my remaining estate as follows:

"First, I direct my executor, herein named, to sell, without license from any court or judge, the homestead property now occupied by me, located on Garden Street.

"Second, It is my intention to attach to this will, a memorandum specifying certain articles of a personal nature — gifts I would like to make; and it is my request that my executor carry out my wishes as therein expressed.

"Third, From the amount of cash assets remaining in my estate after providing for the necessary obligations, I desire to dispose of in the following manner:

| To: | Robert P. Manson | one-fourth |
| | Parker N. Moulton | one-fourth |
| | Roger Moulton | one-eighth |
| | M. Frank Manson | one-eighth |
| | Central Church of Bath | one-eighth |
| | Old Ladies' Home of Bath | one-eighth |

"All of the remainder of my estate, of whatever name and nature, I give and bequeath to Parker N. Moulton, if he be living at the time of my decease; otherwise to Robert P. Manson.

"I nominate and appoint Parker N. Moulton to be the executor of this, my last will, if he be then living and able to perform such service. If not, I appoint Robert P. Manson to serve in said

capacity. It is my request that no surety bond be required of either."

The defendants, Parker N. Moulton and Roger Moulton, claim that the direction to sell the real estate contained in the first clause is conditional, and that such real estate is only to be sold if there shall be insufficient assets to pay the debts and expenses of administration; that the residuary legatee, Parker N. Moulton, takes title to the real estate under the residuary clause of the will; and that the legatees mentioned in the third clause are entitled only to the balance of the cash assets owned by the testatrix at her death, remaining after the payment of debts and expenses of administration.

The plaintiffs claim that there is a mandatory direction to the executor to sell the real estate and that the proceeds of it, together with the other cash assets of the estate, pass after payment of debts and expenses of administration to the legatees mentioned in clause three.

In construing this will our aim is to find the intent of the testatrix. That intent must be found from the will itself read as a whole, if its language when so read is unambiguous. *Shaw* v. *Hussey*, 41 Me., 495; *Cotton* v. *Smithwick*, 66 Me., 360; *Bradbury* v. *Jackson*, 97 Me., 449, 54 A., 1068; *Doherty* v. *Grady*, 105 Me., 36, 72 A., 869; *Palmer* v. *Palmer*, 106 Me., 25, 75 A., 130.

The language of the will seems perfectly clear; the directions of the testatrix to her executor are positive. After the payment of her debts, funeral charges, and expenses of administration, he is ordered to sell the homestead property. Such property is to be sold not for the purpose of providing funds for taking care of these obligations, but after her debts have been paid. The phrase in the third clause "cash assets remaining in my estate" refers to the cash left in the executor's hands after the payment of the debts and after the sale of the real estate. It is obvious that she intended to give to the legatees mentioned in this clause not only the balance of the cash which she left at her death, but the proceeds received from the sale of the real estate. The legacy to M. Frank Manson, who died before the testatrix leaving no lineal descendants, lapsed and became a part of the residue of the estate.

The case of *Thissel* v. *Schillinger*, 186 Mass., 180, 71 N. E., 300, is analagous to the one before us. There was there a direction to the executor to sell and dispose of all of the real estate. The court said, page 185 : "By these words no discretionary authority is given, but the direction is imperative, and the executors are absolutely obliged to make the conversion."

To construe this will in any other way than we have done, would be to do violence to the language which the testatrix has used.

The case is remanded for a decree in accordance with this opinion.

*So ordered.*